UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 07-59587 |
|    Amerigraph, LLC, | : | Chapter 7 |
| | : | |
| Debtor. | : | Judge Preston |

| | |
|---|---|
| Myron N. Terlecky, Chapter 7 Trustee, : | |
| 575 S. Third St. : | Adv. Pro. No.: |
| Columbus, OH 43215, : | |
| : | |
|   Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| Nationwide Mutual Insurance Company : | |
| c/o C T Corporation System as Statutory Agent : | |
| 1300 E. 9th Street : | |
| Cleveland, OH 44114 : | |

**COMPLAINT FOR BREACH OF CONTRACT, RECOVERY ON ACCOUNT, AND UNJUST ENRICHMENT**

Now comes the Plaintiff, Myron N. Terlecky, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Amerigraph, LLC (the "Debtor"), by and through the undersigned counsel, and for his complaint against the Defendant, Nationwide Mutual Insurance Company ("Nationwide"), states as follows:

**JURISDICTION AND VENUE**

1.      This adversary proceeding (the "Adversary Proceeding") arises under the above-captioned bankruptcy case, <u>In re Amerigraph, LLC</u>, Case No. 07-59587 (the "Bankruptcy Case"), which is currently pending in the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division.

1

2. Jurisdiction of this Adversary Proceeding is proper pursuant to 28 U.S.C. 157 and 1334; 11 U.S.C. 105 and 542; Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure; and the General Order of Reference entered in this district.

3. This is a core proceeding as defined in 28 U.S.C. 157(B)(2)(A), (E) and (O).

4. Venue is proper pursuant to 28 U.S.C. 1409(a) and Rule 1071-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Ohio.

5. This Court has personal jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure and as a result of the Defendant residing within or conducting business within the jurisdiction of the Court.

## THE PARTIES

6. The Plaintiff is the duly appointed, qualified and acting Chapter 7 Trustee appointed in the Bankruptcy Case pursuant to 11 U.S.C. 701 and 702, and brings this action on behalf of the Debtor.

7. Upon information and belief, Nationwide is an insurance and financial services corporation, incorporated in Ohio, and with its headquarters and principal place of business located in Columbus, Ohio, Franklin County.

## FACTS COMMON TO ALL COUNTS

8. The Debtor is an Ohio Limited Liability Company that maintained its principal place of business at 1600 Eastgate Parkway, Gahanna Ohio.

9. As part of its business activities, the Debtor was engaged in large format screen and digital printing, with a focus on point of purchase marketing and printing for large retail companies.

10. Upon information and belief, between 1999 and 2006, Nationwide hired the Debtor and its predecessor companies to provide to Nationwide certain graphic and digital print-related fulfillment services.

11. The contractual relationship between Nationwide and the Debtor was governed by a series of documents called Master Sale Agreements or Master Service Agreements. Said contracts permitted Nationwide and the Debtor to conduct regular business without executing a new contract for each additional project.

12. In April 2006, Nationwide engaged the Debtor to produce a 2007 calendar for Nationwide's insurance agents and their customers (the "Printing Services").

13. Pursuant to the traditional course of dealing between Nationwide and the Debtor as governed by the above-referenced agreements, the Debtor provided an initial estimate of the price for the Printing Services and reached a final price for the Printing Services once the costs of production and other criteria were determined at the project's completion.

14. Due to various logistical problems cause by Nationwide, the price for the Printing Services exceeded the initial cost estimates provided by the Debtor.

15. Despite the logistical problems created by Nationwide, the Debtor performed and timely delivered upon all Printing Services.

16. Upon information and belief, Nationwide currently owes Debtor for the Printing Services the sum of $216,555.00, which sum is past due (the "Account Receivable"). Attached hereto as Exhibit A is a detail of the open invoice accounts between the Debtor and Nationwide.

17. On November 28, 2007 (the "Petition Date"), an involuntary petition for relief under Chapter 11 of the Bankruptcy Code was filed against the Debtor in this Court (the "Involuntary Petition").

18. After initially seeking dismissal of the Involuntary Petition, the Debtor consented to the entry of an order for relief. This Court entered its Order for Relief under Chapter 11 of the Bankruptcy Code on February 1, 2008.

19. On or about May 20, 2008, the Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code.

20. The Account Receivable is property of the bankruptcy estate pursuant to 11 U.S.C. 541.

## COUNT ONE
## Breach of Contract

21. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

22. Nationwide purchased the Printing Services from the Debtor but has not paid the full amount due for the Printing Services.

23. Nationwide agreed to pay the full amount to the Debtor for the Printing Services, of which the sum of $216,555.00 is due and owing.

24. Because Nationwide failed to pay the full amount due for the Printing Services for which it contracted, Nationwide breached its contractual obligations to the Debtor.

25. Nationwide's failure to pay the full amount due for the Printing Services performed by the Debtor constitutes a material breach of contract between Nationwide and the Debtor.

26. The Debtor performed its contractual obligations to Nationwide.

27. The Debtor and its bankruptcy estate have been damaged as a direct and proximate result of Nationwide's failure to pay the Debtor for the Printing Services.

28. Nationwide owes to the bankruptcy estate the sum of $216,555.00, plus post-judgment interest, costs and reasonable attorney fees.

## COUNT TWO
### Recovery on Account

29. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

30. Nationwide owes to the bankruptcy estate the sum of $216,555.00 as set forth on the account summary attached hereto as Exhibit A, plus post-judgment interest and costs.

## COUNT THREE
### Unjust Enrichment

31. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

32. The Debtor conferred certain benefits upon Nationwide by providing labor, material and services in connection with its performance of the Printing Services for Nationwide (the "Benefits").

33. The reasonable value of the Benefits remaining unpaid is approximately $216,555.00.

34. Nationwide appreciated or knew of the Benefits.

35. Nationwide accepted and has retained the Benefits.

36. Nationwide failed and refused to fully compensate the Debtor for the Benefits that the Debtor conferred upon Nationwide.

37. The Debtor expected full and commensurate payment for the Benefits provided to Nationwide.

38. Nationwide has been unjustly enriched by the failure to pay for the Benefits.

39. As a direct and proximate cause of Nationwide's unjust enrichment, the Debtor and its bankruptcy estate have been damaged and it would be unjust for Nationwide to retain the Benefits of the Printing Services without compensating the Debtor.

WHEREFORE, the Trustee respectfully requests that the following relief be granted against Nationwide:

A.  On Count One of the Complaint, a judgment against Nationwide for breach of contract, awarding damages in the amount of $216,555.00 plus post-judgment interest, costs, and reasonable attorney fees;

B.  On Count Two of the Complaint, a judgment against Nationwide for the non-payment of its account with the Debtor, awarding damages in the amount of $216,555.00 plus post-judgment interest and costs;

C.  On Count Three of the Complaint, a judgment against Nationwide for unjust enrichment, awarding damages in the amount of $216,555.00 plus post-judgment interest and costs; and

D.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Myron N. Terlecky
Myron N. Terlecky (0018628)
James A. Coutinho (0082430)
Strip, Hoppers, Leithart, McGrath & Terlecky Co., LPA
575 South Third St.
Columbus, OH 43215
Telephone: (614)    228-6345
Facsimile: (614)    228-6369
Attorneys for the Chapter 7 Trustee

# EXHIBIT A

## Amerigraph, LLC dba Loupe
### Open Invoices
### As of August 26, 2009

| Type | Date | Num | P.O. # | Terms | Due Date | Aging | Open Balance |
|---|---|---|---|---|---|---|---|
| **Lowe's Companies, Inc. - Other** | | | | | | | |
| Payment | 12/21/2007 | 14719 | | | | | -133,226.94 |
| Invoice | 1/31/2007 | 15235 | | Net 30 | 3/2/2007 | 908 | -217,970.00 |
| Credit Memo | 4/1/2007 | 15263 | | Net 30 | 4/1/2007 | 878 | -217,970.00 |
| Invoice | 4/30/2007 | 15263 | | Net 30 | 5/30/2007 | 819 | 217,970.00 |
| Credit Memo | 8/19/2007 | 16335 | | Net 30 | 8/19/2007 | 738 | -217,970.00 |
| **Total Lowe's Companies, Inc. - Other** | | | | | | | -133,226.94 |
| **Total Lowe's Companies, Inc.** | | | | | | | -112,451.94 |
| **Nationwide** | | | | | | | |
| **J5841 Auto-8537-N** | | | | | | | |
| Credit Memo | 12/31/2006 | 16312 | | Net 30 | 12/31/2006 | 969 | -139,046.96 |
| **Total J5841 Auto-8537-N** | | | | | | | -139,046.96 |
| **J6260 2007 Calendar** | | | | | | | |
| General Journal | 3/31/2007 | Marc... | | | | | 184,593.00 |
| Invoice | 12/29/2006 | 14595 | | Net 30 | 1/28/2007 | 941 | 170,314.02 |
| **Total J6260 2007 Calendar** | | | | | | | 354,907.02 |
| **J6440 Barney Standee** | | | | | | | |
| Invoice | 8/16/2006 | 13820 | | Net 30 | 9/15/2006 | 1076 | 694.94 |
| **Total J6440 Barney Standee** | | | | | | | 694.94 |
| **Total Nationwide** | | | | | | | 216,555.00 |
| **OFCP** | | | | | | | |
| **J8346 25M Tim Hortons Job apps** | | | | | | | |
| Invoice | 9/28/2007 | 16083 | | Net 30 | 10/28/2007 | 668 | 1,094.00 |
| **Total J8346 25M Tim Hortons Job apps** | | | | | | | 1,094.00 |
| **J8369 Speedway covers new hire** | | | | | | | |
| Invoice | 10/5/2007 | 16088 | | Net 30 | 11/4/2007 | 661 | 2,270.00 |
| **Total J8369 Speedway covers new hire** | | | | | | | 2,270.00 |
| **J8408 20M 4 recipe cards** | | | | | | | |
| Invoice | 10/4/2007 | 16084 | | Net 30 | 11/3/2007 | 662 | 1,565.00 |
| **Total J8408 20M 4 recipe cards** | | | | | | | 1,565.00 |
| **J8494 2M tim Hortons THHR3002** | | | | | | | |
| Invoice | 10/19/2007 | 16168 | | Net 30 | 11/18/2007 | 647 | 990.00 |
| **Total J8494 2M tim Hortons THHR3002** | | | | | | | 990.00 |
| **J8561 30M tray liners** | | | | | | | |
| Invoice | 11/1/2007 | 16265 | | Net 30 | 12/1/2007 | 634 | 1,760.00 |
| **Total J8561 30M tray liners** | | | | | | | 1,760.00 |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 28, 2008, a copy of the foregoing COMPLAINT FOR BREACH OF CONTRACT, RECOVERY ON ACCOUNT, AND UNJUST ENRICHMENT was served on the following registered ECF participants, **electronically** through the court's ECF system at the email address registered with the court:

- Daniel M Anderson
- Asst US Trustee (Col)
- Bradley K Baker
- Jonathan P Blakely
- Lawrence C Bolla
- Jeremy M Campana
- Stewart Hamilton Cupps
- Rocco I Debitetto
- J Matthew Fisher
- Lawrence Hackett
- James S Huggins
- Kevin E Humphreys
- Sherri Blank Lazear
- William M Mattes
- Rachel Ary Mulchaey
- Grady L Pettigrew
- Craig W Relman
- Richard K Stovall
- Daniel R Swetnam
- Andrew L Turscak

and by **ordinary U.S. Mail** addressed to the following:

Amerigraph, LLC
1600 Eastgate Parkway
Gahanna, OH 43230

/s/ Myron N. Terlecky
Myron N. Terlecky (0018628)

7